FILED
2015 Sep-08 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HOWARD COONER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 2:15-CV-0064-SLB** |
| | ) | |
| **THE ALABAMA STATE BAR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 5.)[1]  Plaintiff Douglas Howard Cooner has sued defendant the Alabama State Bar pursuant to § 1983, alleging a violation of the due process clause of the Fourteenth Amendment of the United States Constitution arising from "Defendant's interference with Plaintiff's property right in his license to practice law in the courts of the state of Alabama, and revocation thereof." (*See* doc. 1 ¶¶ 6, 26-28.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 5), is due to be granted.

### I.  RULE 12(b)(1) MOTION TO DISMISS STANDARD

Defendant raises two grounds for dismissal in its Motion to Dismiss:

    1.  This Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *See*, *e.g.*, *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker*

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

>*v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).
>
>2. The Defendant, Alabama State Bar, as an arm of the Alabama Supreme Court, has sovereign immunity under the Eleventh Amendment to the United States Constitution.

(Doc. 5.) Because the court finds defendant is entitled to Eleventh Amendment Immunity, the court pretermits discussion of whether plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

Rule 12(b)(1), Fed. R. Civ. P., provides the standard for dismissal based on Eleventh Amendment immunity.[2] Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). Defendant's attack is

---

[2]Eleventh Amendment immunity is a form of sovereign immunity. *Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). Unless "material facts affecting the merits of the claim," are "inextricably intertwined" with the existence of sovereign immunity, Fed. R. Civ. P. 12(b)(1)) is the "proper vehicle" for deciding a motion to dismiss based on Eleventh Amendment immunity. *See Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996); *Garrett v. Talladega County Drug and Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1373 (N.D. Ala. 2013); *see also Tomberlin v. Clark*, 1 F. Supp. 3d 1213, 1222 (N.D. Ala. 2014).

a facial attack. "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999)(quoting *Lawrence*, 919 F.2d at 1528-29); *see also Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)("Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

## II. DISCUSSION

Cooner has sued the Alabama State Bar alleging it violated his due process rights related to disbarment proceedings. Specifically, he alleges:

> Defendant's interference with Plaintiff's property right in his license to practice law in the courts of the State of Alabama, and revocation thereof, can only lawfully occur after he is afforded basic due process of law, which includes proper notice, a fair and adequate opportunity to be heard, a fair and adequate opportunity to object to any action proposed to be taken against him, an opportunity to appear with his counsel before his Disciplinary Board, and fair adherence by Defendant to its own rules promulgated for his protection .
> . . .

(Doc. 1 ¶ 27.) The court notes that the Alabama Supreme Court affirmed the order of the

Disciplinary Board of the Alabama State Bar disbarring Cooner on August 23, 2013. *Cooner v. Alabama State Bar*, 145 So. 3d 1, 9 n.* (Ala. 2013)("Note from the reporter of decisions:  On August 23, 2013, on return to second remand, the Supreme Court affirmed, without opinion.").  Cooner asks this court to permanently enjoin the Alabama State Bar from "impair[ing] his Alabama law license" without providing him due process.  (Doc. 1 ¶ 29.)

The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This Amendment bars suits against the State brought by its own citizens as well as suits brought by the citizens of another State.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."[3] *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam )).

The Alabama State Bar is an arm of the state of Alabama and is entitled to assert

---

[3]A third exception to Eleventh Amendment immunity, known as the *Ex parte Young* doctrine, exists.  This exception allows a plaintiff to sue state officers in their official capacities for prospective injunctive relief if two conditions exist:  "The plaintiff must allege that the officers are acting in violation of federal law, and must seek prospective relief to address an ongoing violation, not compensation or other retrospective relief for violations past."   *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 298-99 (1997)(Souter, J., dissenting)(internal citations omitted); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  Cooner has not named individual officials or requested prospective injunctive relief.  Therefore, this exception is inapplicable.

Eleventh Amendment immunity. *Caffey v. Alabama Supreme Court*, 469 Fed. Appx. 748, 751 (11th Cir. 2012)(citing *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993)). Congress has not abrogated Eleventh Amendment immunity in § 1983 actions. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)(citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)); *see also Odebrecht Const., Inc. v. Secretary, Florida Dept. of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013)(citing *Kentucky v. Graham*, 473 U.S. at 169 n.17). And, Alabama has not waived its Eleventh Amendment immunity. *Carr*, 916 F.2d at 1525 (citing *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989); *Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989); Ala. Const., Art. 1, § 14.) Therefore, the court finds the Alabama State Bar is entitled to Eleventh Amendment immunity.

Cooner's claim is due to be dismissed based on the Alabama State Bar's Eleventh Amendment immunity in this court.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant is entitled to Eleventh Amendment immunity. An Order granting defendant's Motion to Dismiss and dismissing plaintiff's claim, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 8th day of September, 2015.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE